**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4454
_____

DEBORAH ANN NARDELLA,
Appellant

v.

PHILADELPHIA GAS WORKS;
STEVEN JORDON; GARY GIOIOSO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-09-cv-05629)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2015
Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: June 26, 2015)
_____

OPINION[*]
_____

PER CURIAM

   Deborah Ann Nardella appeals from the orders of the District Court entering

summary judgment in favor of her former employer Philadelphia Gas Works ("PGW")

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and its denial of her motion for reconsideration of that ruling. We will affirm.

I.

Nardella worked for PGW as a Secretarial Assistant from 2003 until PGW terminated her employment in 2008. She reported to PGW's Director of Labor during that time. Nardella (who is Caucasian) claims that PGW began discriminating against her on the basis of her race and gender when Steven Jordon (who is African-American) became the Director in February of 2006. Jordon's predecessor gave Nardella satisfactory reviews, but Jordon gave her unsatisfactory reviews that, according to PGW, led it to place her on two performance improvement plans ("PIP") and then ultimately terminate her for poor performance.

After obtaining a right-to-sue letter from the Equal Employment Opportunity Commission, Nardella filed suit pro se and later an amended complaint against PGW asserting five claims under Title VII of the Civil Rights Act of 1964, one claim for "ridicule/harassment/psychological harassment," and one claim under the Equal Pay Act of 1963.[1] On PGW's Rule 12(b)(6) motion to dismiss, the District Court dismissed the last two of these claims but permitted Nardella's Title VII claims to proceed. Following discovery, the District Court granted PGW's motion for summary judgment and later

---

[1] Nardella named Jordon and another PGW employee as defendants along with PGW but, by order entered July 12, 2010, the District Court properly dismissed her Title VII claims against the individual defendants because Title VII provides a cause of action only against employers. See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc).

2

denied Nardella's motion for reconsideration.  Nardella appeals.[2]

## II.

We will affirm the entry of summary judgment on Nardella's Title VII claims primarily for the reasons explained by the District Court.  Nardella claims that PGW: (1) discriminated against her on the basis of her race and gender by, inter alia, placing her on PIPs, denying her raises and a promotion, and ultimately terminating her; (2) terminated her in retaliation for filing an internal complaint regarding alleged discrimination; and (3) subjected her to a hostile working environment, largely in the form of "outbursts" by Jordon, on the basis of her race and gender as well.

Nardella's claims of discrimination are governed by the familiar burden-shifting framework that required her to make out a prima facie case by, inter alia, raising an inference that PGW's adverse employment actions were motivated by discriminatory

_____

[2] We have jurisdiction under 28 U.S.C. § 1291.  Nardella states in her opening brief that she challenges the District Court's disposition of "each and every claim" in her amended complaint, but her opening brief raises arguments regarding only the District Court's entry of summary judgment on her Title VII claims and its denial of reconsideration.  To the extent that her briefs can be read to raise proper challenges to the District Court's dismissal of her remaining claims, we will affirm for the reasons stated by the District Court.  We exercise plenary review over the entry of summary judgment and will affirm if, viewing the evidence in the light most favorable to the nonmoving party, "'there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 192 (3d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)).  We review the denial of reconsideration for abuse of discretion but review the District Court's legal conclusions de novo.  See Addie v. Kjaer, 737 F.3d 854, 867 (3d Cir. 2013).

3

intent.  See Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008).[3]  The same framework

governs Nardella's retaliation claim and requires her to make out a prima facie case by

showing, inter alia, a causal connection between her allegedly protected activities and

PGW's adverse employment actions.  See Daniels, 776 F.3d at 193.  Nardella's hostile

environment claim also requires a showing of some causal connection between her

membership in a protected class and her alleged mistreatment.  See Mandel v. M & Q

Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013) (gender); Caver v. City of Trenton,

420 F.3d 243, 262-63 (3d Cir. 2005) (race).

The District Court properly determined that Nardella presented no evidence

raising a reasonable inference that any of PGW's alleged conduct was motivated by her

race, gender, or engagement in protected activities, and her arguments to the contrary are

not supported by the record.  Nardella argues that the District Court "overlooked"

evidence purportedly raising an inference of discrimination and retaliation, but the

District Court thoroughly reviewed the record and, having done so ourselves, we agree

with the District Court that Nardella's arguments regarding discrimination and retaliation

constitute "nothing more than speculation and accusation."  (ECF No. 49 at 16.)[4]

---

[3] If the plaintiff raises an inference of discrimination, the burden of production "shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action."  Makky, 541 F.3d at 214.  "If the defendant does so, the inference of discrimination drops and the burden shifts back to the plaintiff to show that the defendant's proffered reason is merely pretext for intentional discrimination."  Id.

[4] Nardella relies primarily on twelve items of evidence that she claims the District Court overlooked or that otherwise support her claims.  (Appellant's Br. at 9-12.)  Nardella

4

In particular, Nardella adduced no evidence that her race or gender played any role in her alleged mistreatment by Jordon, placement on PIPs, denial of raises and a promotion, or eventual termination. The closest she came was by providing evidence that she applied for two higher-paying, non-secretarial positions within PGW that PGW awarded to men without considering her. Nardella, however, presented no evidence that she was qualified for those positions. See Makky, 541 F.3d at 214. She also concedes that she was not eligible to interview for them because she had been placed on a second PIP. (Appellant's Br. at 5.)

Nardella argues that such placement, and the unsatisfactory reviews that precipitated it, raise an inference of discrimination because she received satisfactory reviews under the former Director. The mere fact that she received different reviews for different time periods from different Directors does not raise an inference of discrimination, however, particularly when PGW initially replaced her with another

filed this evidence with the District Court in hard copy along with ECF No. 46, and we have requested and reviewed the original record. Some of this evidence, as Nardella concedes with respect to PGW's response to her Interrogatory 15 (id. at 11), was not submitted to the District Court and does not appear of record. Other evidence does not support the propositions for which Nardella cites it. For example, Nardella cites her Exhibit 16 for the proposition that she was the only white secretary fired on her floor (which undermines her claim of racial discrimination) (id.), but that exhibit is her own termination letter and says nothing about other employees. Nardella also asserts that Jordon and another PGW employee gave "conflicting testimony . . . concerning her termination" at their depositions (id. at 12), but neither the transcripts she cites (Exhs. 17-19) nor any other transcript she submitted (Exhs. 12, 13, 15, 20-24) reveals any such conflicting testimony and the PGW employees instead testified consistently that PGW terminated her for poor performance. None of Nardella's other evidence raises an inference of discrimination or retaliation as discussed herein.

Caucasian woman under the new Director. Nardella correctly argues that her replacement by another person within the same protected classes does not preclude her claim as a matter of law, see Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 n.7 (3d Cir. 2003), but it is one factor among many that the District Court appropriately considered in determining that the totality of the circumstances does not raise an inference of discrimination or retaliation.

Finally, the District Court properly concluded that, even if Nardella had raised such an inference, she failed to rebut PGW's proffered legitimate reason for placing her on PIPs and then terminating her—i.e., her documented poor performance under Jordon. Nardella argues that there were no problems with her performance but, even if that were true, a plaintiff seeking to rebut a proffered legitimate reason "cannot simply show that the employer's decision was wrong or mistaken to prove pretext" but rather "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence[.]" Ross v. Gilhuly, 755 F.3d 185, 194 n.13 (3d Cir. 2014) (quotation marks omitted). Neither the fact that Nardella received better reviews from the former Director nor any of her other evidence rises to that level.

Having concluded that the District Court did not err in entering summary judgment on Nardella's Title VII claims, we further conclude that the District Court did not abuse its discretion in declining to reconsider that ruling.

6

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.